# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

EMMITT ANTWAN RILEY, JR.                                                                    PLAINTIFF
ADC #117368

V.                                          NO: 5:07CV00209 BSM/HDY

DREW COUNTY
DETENTION FACILITY *et al.*                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.
   2.   Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on August 14, 2007 (docket entry #2), alleging Defendants Susan Potts and Jim Glennon violated his constitutional rights while he was held at the Drew County Detention Facility and was placed on "lockdown" for two days, and served a meal with less food than other inmates received. On April 24, 2008, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #22-#24). On May 23, 2008, Plaintiff filed a response (docket entry #31).[1]

### **I. Standard of Review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Plaintiff's response contests Defendants' statement of indisputable facts saying that he has not exhausted his grievances regarding the denial of his due process rights. Attached to the response was a grievance Plaintiff submitted regarding his complaint that his cellmate snored too loudly, and that he wanted to be separated from the cellmate.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, on July 31, 2007, he was having a "misunderstanding" with his cellmate, and refused to come in after "yard call," because he wanted to speak to Potts, the jail administrator, about his problem. Potts allegedly refused to see him, and Glennon, a compliance officer, talked with Plaintiff. Plaintiff contends that he agreed to come in after speaking with Glennon, but that he was taken to lockdown for two days. Plaintiff asserts that Potts came to see him, but left him on lockdown. Plaintiff further asserts that Glennon, in violation of jail policy, ordered that he be served a meal with less food. Plaintiff also took remarks made by Glennon at that time as a threat to hurt him or contaminate his food.

To the extent that Plaintiff is raising a denial of due process claim for his assignment to two days in lockdown, the undersigned concludes that he has identified no evidence to indicate that

conditions imposed upon him, for a limited time, implicated the due process clause.[2] Only sanctions that impose atypical and significant hardships upon a prisoner in relation to the ordinary restraints and incidents of prison life implicate the due process clause. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). It appears that Plaintiff was placed on a disciplinary status for two days because of his refusal to return to his cell after yard call. The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002).

Plaintiff also alleges that he was given a lesser portion of food as a punishment, which was in violation of jail policy. This apparently occurred only one time. However, Plaintiff has identified no evidence to suggest he was denied adequate nutrition on an ongoing basis, or that he sustained any injury as a result of the lesser portion of food he received on July 31, 2007. Even if Plaintiff was denied his meal altogether, such a denial would not amount to a constitutional violation. *See Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (unpublished per curiam) (denial of one meal does not give rise to constitutional violation ); *Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir.1999) (deprivation of food constitutes cruel and unusual punishment only if it denies prisoner minimal civilized measure of life's necessities, and whether deprivation falls below this threshold depends on amount and duration of deprivation; denying inmate eight meals over seven months because of inmate's failure to shave did not deny inmate "anything close to a 'minimal measure of life's necessities'" (internal quotations and citation omitted)). Likewise Glennon's alleged violation of jail policy by using the food as a punishment is not actionable, *See Gardner v. Howard*, 109 F. 3d

---

[2]Defendants contend that Plaintiff did have a due process hearing when Potts upheld Glennon's decision to place Plaintiff in disciplinary segregation (docket entry #24).

427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy), nor are his alleged threats, *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985). Accordingly, no material facts remain in dispute, and Defendants' motion for summary judgment should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #22) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   27   day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE